# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50118 | **DATE** | 1/18/2012 |
| **CASE TITLE** | United States ex rel. John Cumbee (#B-45021) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2254 petition as to all claims, denies the request for an evidentiary hearing, dismisses this cause in its entirety, and denies a certificate of appealability.

*Philip G. Reinhard*

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT - OPINION

Petitioner, John Cumbee, a state prisoner, filed a petition pursuant to 28 U.S.C. § 2254, raising the following claims: (1) he was denied due process because the State relied on Detective Lowery's testimony before the grand jury when it knew or should have known it was false; (2) his trial counsel was ineffective in failing to move to dismiss the indictment based on the knowing use of false grand jury testimony; (3) the State violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose a lab report and other information related to the condition of the alleged murder weapon; (4) he was not proved guilty beyond a reasonable doubt; (5) he was denied a fair trial because the trial court admitted prior bad acts evidence; (6) the trial court erred by not following the Illinois Appellate Court's mandate regarding a jury instruction on venue; (7) his trial counsel was ineffective because he pressured petitioner not to testify; (8) trial counsel was ineffective in failing to cross-examine Detective Lowery regarding his false grand jury testimony; and (9) trial counsel was ineffective in failing to adequately disclose an expert's opinion which resulted in exclusion of the expert's report. Respondent has answered, contending, in part, that six of the claims (nos. 1, 2, 4, 6, 8, and 9) are procedurally defaulted. Petitioner has replied, contending, in part, that the six claims are not procedurally defaulted because he presented them in his post-conviction proceeding via pro se, supplemental briefs he submitted to the state reviewing courts. Respondent, in turn, has filed a surreply in which he maintains that the six claims are procedurally defaulted as the state courts rejected the pro se supplemental briefs on an independent and adequate state ground, that petitioner was represented by counsel at the time he filed them.

Procedural Default

A petitioner may be procedurally defaulted if the claim was presented to the state courts and the state court ruling against the petitioner rests on an independent and adequate state law procedural grounds. Perruquet v. Briley, 390 F. 3d 505, 514 (7th Cir. 2004). A state law ground that provides the basis for a state court decision is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. U.S. ex rel. Bell v. Pierson, 267 F. 3d 544, 556 (7th Cir. 2001). A state law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied. Franklin v. Gilmore, 188 F. 3d 877, 882 (7th Cir. 1999).

In this case, petitioner, who was represented by counsel on appeal, contends that these six claims are not procedurally defaulted because he in fact raised them in his pro se supplemental brief to the appellate court. In making this argument, petitioner relies primarily on the Seventh Circuit case of Kizer v. Uchtman, 165 Fed. Appx. 465 (7th Cir. 2006) (Not selected for publication under Seventh Circuit Rule 32.1).

Initially, petitioner's contention does not apply to the following three claims (nos. 4, 6, and 9): that he was not

proved guilty beyond a reasonable doubt, that the trial court failed to properly follow the appellate court mandate regarding the venue instruction, and that his trial counsel was ineffective in failing to adequately disclose an expert opinion. These three claims were not included in any pro se supplemental brief filed by petitioner. Thus, these claims are procedurally defaulted for never having been fully and fairly presented to the state courts.

As to the other three claims (nos. 1, 2, and 8), that the state relied on false grand jury testimony, that trial counsel was ineffective in failing to move to dismiss the indictment, and that trial counsel was ineffective in failing to properly cross-examine Detective Lowery, they are also procedurally defaulted because, although they were arguably fully and fairly presented to the state courts, they were disposed of on an independent and adequate state ground. The appellate court denied petitioner's request to file a pro se supplemental brief containing the claims because it was "contrary to having court appointed counsel present any request on behalf of [petitioner]." Such a ruling is an independent and adequate state procedural ground for rejecting petitioner's pro se supplemental brief and the claims included therein.

Petitioner's reliance on Kizer is misplaced for several reasons. First, the Kizer order is not binding on this court as it is non-precedential. Second, it is distinguishable because in Kizer the Court of Appeals stated that it was not addressing whether the independent and adequate state ground doctrine could support a procedural default determination. Kizer, 165 Fed. Appx. at 467. Third, while the Illinois Appellate Court noted that Kizer's attorney had already filed a brief, it denied his request to file a pro se supplemental brief "without further explanation," Kizer, 165 Fed. Appx. at 467, hence citing no procedural rule to justify the denial. Thus, the Seventh Circuit's reasoning in Kizer is both non-binding and unpersuasive in this case. See Dolis v. Gilson, 2009 WL 5166228, * 8 n. 2 (N.D. Ill. Dec. 23, 2009).[1] Accordingly, this court finds the claims are procedurally defaulted.

A defaulted claim may be considered, however, but only if the petitioner can establish cause and prejudice for the default or that failure to consider the claim will result in a fundamental miscarriage of justice. Johnson v. Hullett, 574 F. 3d 428, 431 (7th Cir. 2009). Petitioner here has not shown either cause and prejudice or that a fundamental miscarriage of justice will result if the court does not consider any of the procedurally defaulted claims. Therefore, these six claims are procedurally barred in this habeas corpus proceeding.

Merits of Remaining Claims

When a state court actually adjudicates a petitioner's claim on its merits, a federal habeas court may grant relief only when the state court's ruling resulted in a decision that is contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. Sussman v. Jenkins, 636 F. 3d 329, 349 (7th Cir. 2011).

Petitioner claims that he was denied his Sixth and Fourteenth Amendment rights when the trial court admitted evidence of his prior bad acts and such a "[s]tate [c]ourt decision denied [his] due process claim and was in direct conflict with the current Federal law." Respondent argues initially that the claim is not cognizable because it merely involves an issue of state evidence law.

Ordinarily, an argument that the state court violated a state evidentiary rule is not cognizable in a petition for a writ of habeas corpus in Federal court. United States ex rel. Thelkeld v. Rednour, 2011 WL 5978973, * 5 (N.D. Ill. Nov. 28, 2011) (citing Estelle v. McGuire, 500 U.S. 62, 67-68 (1991)). Rather, when a petitioner contends that the state court failed to limit the prosecution's evidence, the only constitutional principle to which the petitioner can appeal is the catch-all concept of due process. Thelkeld, at * 5 (citing Watkins v. Meloy, 96 F. 3d 4, 6-7 (7th Cir. 1996)). In reviewing a state court's ruling based on a state rule of evidence, a federal court does not weigh the correctness of the ruling, but only asks whether the state court ruling deprived the petitioner of a fundamentally fair trial. Thelkeld, at * 5 (citing Brown v. Williams, 599 F. 3d 602, 616 (7th Cir. 2010)). Thus, something more than the garden variety violation of the Federal Rule of Evidence 404(b) standard must be shown to state a constitutional violation. Thelkeld, at * 5.

Here, plaintiff has minimally raised a cognizable federal claim by referring to the Fourteenth Amendment and the denial of due process. But he does not cite to any United States Supreme Court authority that holds that the admission of prior bad acts evidence amounts to a due process violation. See Thelkeld, at * 5.[2] Further, there is simply nothing unreasonable about the appellate court's conclusion that the prior bad acts evidence in petitioner's case "fits squarely within the recognized exceptions, which allow such evidence to show defendant's identity, intent, and motive," and that the trial court properly instructed the jury in that regard. See People v. Cumbee, 366 Ill. App. 3d 476, 498 (2006). As such, petitioner's claim is denied as it cannot be said that the appellate court's holding regarding admission of the prior bad acts evidence for purposes of showing intent, identity, or motive was an unreasonable

application of clearly established Supreme Court precedent.

Petitioner next claims that the State violated his rights under Brady by withholding lab reports and related information that indicated that an experiment involving the alleged murder weapon, a fireplace poker, resulted in damage to the poker that did not exist prior to it being taken from his home as evidence. To prevail on a Brady claim, a petitioner must first show that the government failed to give him evidence that would be favorable to his defense, that would tend to show his innocence, or that could be used to impeach a witness at his trial. Morgan v. Hardy, 662 F. 3d 790, 800 (7th Cir. 2011). Second, a petitioner must show that the evidence was material; that there was a reasonable probability that had the evidence been disclosed the result of the proceeding would have been different. Morgan, 662 F. 3d at 800. The Brady doctrine is clearly established law by the Supreme Court for purposes of habeas corpus review. Pecoraro v. Walls, 286 F. 3d 439, 443 (7th Cir. 2002).

Here, the appellate court in its review of the denial of petitioner's post-conviction petition, applied the Brady doctrine in considering petitioner's claim that the State wrongfully withheld a report and related information about the poker being damaged while in the possession of the State. See People v. Cumbee, No. 02-09-0198, Unpublished Order Pursuant to Illinois Supreme Court Rule 23 (Nov. 16, 2010). The appellate court held that other than petitioner's "conclusory allegation" that Dr. Powers's lab experiments damaged the poker, petitioner made "no attempt to explain the basis or source of his information that the fireplace poker was damaged during Dr. Powers's experiments." Moreover, the appellate court emphasized that Dr. Powers's reports did not indicate that the poker was damaged by any experiment. Thus, there was no showing that any exculpatory information was available from Dr. Powers's reports but withheld.

The appellate court further held that petitioner's related claim that the State withheld other information that would have shown that Dr. Powers's experiment caused the damage to the poker was "baseless." According to the appellate court, "there was no basis for the claim" that the State intentionally withheld information regarding any experiment with the poker and that the "allegation was not well-pleaded but speculative and conclusory." Therefore, the appellate court concluded that there was no Brady violation regarding Dr. Powers and any experiments regarding the poker.

This conclusion was an entirely reasonable application of the Brady doctrine. There was simply no showing by petitioner that any such exculpatory evidence existed. Additionally, there was no showing that such alleged evidence was material. As the appellate court pointed out, petitioner's trial attorney was aware of the fact that the poker had been damaged while in possession of the State and trial counsel even argued that to the jury. Because there was no showing of the existence of any material exculpatory evidence beyond that already made available to petitioner, the appellate court's rejection of the Brady claim was not an unreasonable application of clearly established Supreme Court precedent. Therefore, the court denies any habeas relief as to this claim.

Petitioner's next claim is that his trial counsel was ineffective because he pressured petitioner into not testifying. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance fell outside the wide range of professionally competent assistance and that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. Sussman, 636 F. 3d at 349 (citing Strickland v. Washington, 466 U.S. 668 (1984)). Because an ineffective assistance of counsel claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, the standard under Strickland must be applied with scrupulous care to prevent intrusive post-trial inquiry from threatening the integrity of the very adversary process the right to counsel is meant to serve. Sussman, 636 F. 3d at 349.

In this case, the appellate court properly set forth and applied the clearly established rule of Strickland. In doing so, the appellate court first concluded, by taking petitioner's allegations as true, that petitioner's trial attorney violated the performance prong of Strickland by pressuring him into not testifying. Respondent here does not challenge that conclusion.

The appellate court, however, held that, as to the second prong of Strickland, petitioner suffered no prejudice from trial counsel's deficient performance. It did so by considering the nature of petitioner's proposed testimony in light of the "overwhelming evidence against him."

This court finds that conclusion to be reasonable. As the appellate court noted, petitioner's proposed testimony, which consisted mostly of information "pertinent to his history with [the victim]," a denial of his having made incriminating statements to detectives, and testimony related to his firearms, likely would not have affected the outcome of his trial. Further, this court agrees that the evidence against petitioner was overwhelming. Therefore, the

**STATEMENT - OPINION**

conclusion of the appellate court that petitioner suffered no prejudice within the meaning of Strickland was not an unreasonable application of clearly established Supreme Court precedent. Accordingly, the court rejects this claim as a basis for habeas relief.

    For the foregoing reasons, the court denies the § 2254 petition as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety. Further, because there has been no substantial showing of the denial of a constitutional right, the court denies a certificate of appealability. See Rule 11(a) of The Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(b); Fed. R. App. P. 22(b).

---

1. To the extent the appellate court theoretically might have retained the discretion to allow petitioner here to file his pro se supplemental brief, that does not preclude application of the independent and adequate state ground doctrine as the fact remains that in petitioner's case the appellate court did in fact invoke its procedural rule to bar petitioner from filing his pro se supplemental brief.

2. In Estelle v. McGuire, 502 U.S. 62 (1991), the Supreme Court held that the admission of evidence that the defendant had caused prior injuries to the victim was proper because the jury was instructed it was relevant to show that the defendant committed the crime charged as opposed to showing that he had the mere propensity to commit the crime. 502 U.S. at 73-75. In so holding, the Court explained that the use of such prior bad acts evidence combined with the instruction as given in the case was "parallel to the familiar use of evidence of prior acts for the purpose of showing intent, identity, motive, or plan." Estelle, 502 U.S. at 75 (citing Fed. R. Evid. 404(b)). The Court also noted that because it need not reach the issue, it was not expressing any opinion on whether a state law would violate due process if it permitted the use of prior crimes evidence to show "propensity" to commit a charged crime. Estelle, 502 U.S. at 75 n. 5. In light of the holding and discussion in Estelle, it fairly can be said that not only has the Supreme Court not ruled that the use of prior bad acts to show intent, identity, motive, or plan violates due process, it has expressly approved the admission of such evidence for those specific purposes.